# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LACRETIA RENEE DAY, et al.., | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 2:16-cv-01028-JHE |
| KIA MOTORS AMERICA, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Lacretia Renee Day, individually and as Mother and Next Friend of S.K.D, II, a minor, ("Day") initiated this action via service of the summons and complaint on May 26, 2016, in the Circuit Court of Jefferson County, Alabama, against Defendant Kia Motors America, Inc. ("Kia").[2] (Docs. 1-4 & 1-9 at 1). Kia subsequently removed the action to this Court based on alleged diversity jurisdiction pursuant to 28 U.S.C. §1332 and, alternatively, based on the Magnuson-Moss Product Warranty Act ("MMPWA"), specifically 15 U.S.C. §2310(d), pursuant to 28 U.S.C. 1331. (Doc. 1). Day then moved to remand, contending Kia cannot meet its burden of proving the amount in controversy to be $75,000 or greater to establish diversity jurisdiction, and that Kia cannot establish the $50,000 amount in controversy requirement for the MMPWA. (Doc. 5). Kia opposes the motion to remand. (Doc. 7). The motion is fully briefed and ripe for review. (Doc. 5 & 7). Because Kia has established by a preponderance of the evidence the amount in controversy is $75,000.00 or more, the motion to remand, (doc. 5), is **DENIED**.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 8).

[2] Any fictitious defendants named in the state court complaint are not recognized in federal court.

**I. Standard of Review**

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Accordingly, this Court is "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir.1999) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. When the parties disagree on the court's jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns*, 31 F.3d at 1095. Construction of removal statutes are based on federal law. *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972).

**II. Background**

According to the complaint, Day purchased a new 2013 Kia Optima for approximately $25,000.00. (Doc. ¶7). Day alleges there were multiple defective conditions relating to the vehicle's engine that impaired its "use, value[,] and safety." (*Id.* at ¶¶11, 13). Day alleges the vehicle ultimately "ignited in flames and was destroyed." (*Id.* at ¶11). As a result of the alleged defective conditions and the vehicle burning, Day seeks both compensatory and punitive damages. (*Id.* at 7). As to the compensatory damages sought, Day alleges "actual, consequential[,] and incidental damages, including but not limited to money expended on the purchase of the Vehicle, damages associated with the inconvenience suffered as a result of the complete failure of the vehicle to operate properly, the cost of repairs related to the defects, loss of wages . . . ." (*Id.* at ¶22). Day also alleges she suffered and "continues to suffer severe mental anguish and emotional

distress" because she was in the zone of danger when the vehicle caught fire." (*Id.* at ¶ 53). Day further alleges she was "otherwise injured and damaged." (*Id.*).

The complaint alleges claims under the Alabama Lemon Law, breach of express and implied warranty, claims under Alabama Code § 7-2-714 for accepted and non-conforming goods, claims under the MMPWA, and Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") claims for the allegedly defective design and manufacture of the vehicle. (*See* doc. 1-4).

Day, as well as the minor plaintiff, S.K.D., II, is an individual citizen of the State of Alabama. (Doc. 1 at ¶¶6-7). Kia is a foreign corporation, incorporated in the State of California with its principal place of business in the State of California. (*Id.* at ¶8).

### III. Analysis

To establish diversity jurisdiction pursuant to 28 U.S.C. §1332, Kia must demonstrate (1) every plaintiff is diverse from every defendant, *Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir. 1998), and (2) the amount in controversy is $75,000.00 or more. *See e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). The parties do not dispute there is diversity of citizenship; however, Day contends Kia cannot meet its burden of establishing the amount of controversy to be at least $75,000.00. (*See* doc. 5 at 3-4).

Because Day's state court complaint alleges unspecified damages, Kia, the removing party, bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Pretka*, 608 F.3d at 752 (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007); *Tapscott v. MS Dealer Service Corp*., 77 F.3d 1353, 1357 (11th Cir.1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc*., 204 F.3d 1069 (11th Cir.2000). In this assessment, the district court "need not suspend reality or shelve common sense." *Roe v. Michelin North America,*

*Inc.*, 613 F.3d 1058, 1061(11th Cir. 2010).  Instead, this Court may use "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable." *Id.*  The court is not "bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Id.*  Furthermore, the court must consider the request for and availability of punitive damages unless it is apparent to a legal certainty that such cannot be recovered. *See, e.g., Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *Mitchell v. Carrington Mort. Serv.*, L.L.C., Case No. 5:16-cv-00833-CLS, 2016 WL 3570373, *3 (N.D. Ala. July 1, 2016).

Although Day's complaint does not specify the amount of damages sought, it alleges "actual, consequential and incidental damages, including but not limited to money expended on the purchase of the Vehicle [$25,000], damages associated with the inconvenience suffered as a result of the complete failure of the vehicle to operate properly, the cost of repairs related to these defects, loss of wages . . . ." (*See* doc. 1-4 at ¶22).  Day also alleges she suffered and "continues to suffer severe mental anguish and emotional distress" because she was in the zone of danger when the vehicle caught fire. (*See id.* at ¶53).  In addition, Day alleges she was "otherwise injured and damaged." (*See id.*).  As a result of the alleged defective conditions and vehicle burning, Day also seeks punitive damages (pursuant the AEMLD).[3] (*Id.* at 7).

---

[3] Alabama law allows a plaintiff who succeeds on a claim of wantonness to recover punitive damages. *See* ALA. CODE § 6-11-20(a) (1975) ("Punitive damages may not be awarded in any civil action, except civil actions for wrongful death pursuant to Sections 6-5-391 and 6-5-410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. Nothing contained in this article is to be construed as creating any claim for punitive damages which is not now present under the law of the State of Alabama.") (emphasis supplied).

It is apparent from the face of the complaint that the jurisdictional amount has been met. The complaint demands compensatory damages well-above the $25,000 purchase price of the vehicle and further demands punitive damages, which, as this Court has explained, may be "slightly more than double the compensatory damages claim." *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009). The potential value of Day's claims exceeds $75,000.

Day's argument that Kia has offered "no evidence that the amount in controversy . . . is $75,000 or more other than the bald assertions and vague generalities about damages claimed" is without merit. (Doc. 5 at 4). On a motion for remand the court is not evaluating evidence. Instead, as Day points out in her motion, the task at hand is to evaluate "the document received by the defendant from the plaintiff[,]" here the state court complaint, "and determine[] whether that document and the notice of removal unambiguously establish federal jurisdiction." (Doc. 5 at 3 (citing *Lowery*, 483 F.3d 1213). That is exactly what this Court has done. Furthermore, Day's motion to remand fails to account for her request for punitive damages or her failure to disclaim entitlement to more than $ 75,000.00, *see Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (holding that, to avoid removal, plaintiffs who want to pursue claims against diverse parties in state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than one penny less than minimum amount in controversy required for federal diversity jurisdiction and categorically state that they will never accept more). (*See* doc. 5). Accordingly, the motion to remand is due to be denied.

As to her MMPWA claim, Day fails to establish the $50,000 amount in controversy required by 15 U.S.C. § 2310(d)(3)(B). Under the MMPWA, a consumer who is damaged by a

5

warrantor's failure to comply with obligations under a written or implied warranty may sue for damages in either state court or federal district court. *Id.* at § 2310(d)(1). Under the MMPWA, however, a claim is not cognizable in federal court if "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) . . . ." In determining the amount in controversy, courts should only look to the actual claim brought under the MMPWA. *See Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1297 (11th Cir.1999) ("[T]he only claims (in the [plaintiffs'] complaint) the district court could consider in determining whether the jurisdictional amount . . . has been met [are] the [plaintiffs'] claims under the Magnuson–Moss Act."); *Ansari v. Bella Auto. Group, Inc.*, 145 F.3d 1270, 1272 (11th Cir. 1998) (explaining that damages originating in pendent state law claims accompanying a MMPWA claim should not be included in determining whether a plaintiff meets the amount in controversy requirement).

      Day's complaint does not specify the damages she seeks for her MMPWA claim. As noted above, the only amount contained in the complaint is the purchase price of the vehicle, approximately $25,000. (Doc. 1-4 at ¶7). Generally, under Alabama law, damages recoverable under a breach of warranty claim are measured by "the difference . . . between the value of the goods accepted and the value they would have had if they had been as warranted . . . . In a proper case any incidental and consequential damages . . . may also be recovered." ALA. CODE § 7-2-714(2) & (3). Under Alabama's version of Uniform Commercial Code, punitive damages are not recoverable for a breach of warranty claim under MMPWA, and therefore, punitive damages were not to be included in determining whether her MMPWA claim satisfies the amount-in-controversy requirement. *See Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1299 (11th Cir. 1999). Considering that the purchase price of the vehicle is only half of the requisite minimal amount in controversy, the value of the MMPWA breach of warranty claim does not exceed $50,000. Thus,

the question becomes whether it is appropriate for the court to exercise supplemental jurisdiction over the MMPWA claim.

The Eleventh Circuit has not expressly answered the question of whether the MMPWA's amount in controversy requirement precludes district courts from exercising supplemental jurisdiction over MMPWA claims that do not meet the required amount in controversy.[4] Other Circuit Courts of Appeal have addressed the question, however, and a number of federal district courts have considered the issue as well. *Pierre v. Planet Automotive, Inc.*, 2016 WL 3470007, at *8 (E.D.N.Y., 2016), *citing, Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th Cir.2014) (stating that because the district court had original diversity jurisdiction over the state law claim it could "properly exercise supplemental jurisdiction over the Magnuson–Moss Act claim" (first citing 28 U.S.C. § 1367(a); and then citing *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 522 (7th Cir.2003))); *Suber v. Chrysler Corp.*, 104 F.3d 578, 589 (3d Cir.1997) ("[T]he [district] court can exercise supplemental jurisdiction over the Magnuson–Moss Act

---

[4] The court notes here at least one district court has cited the Eleventh Circuit's decision in *Allen v. Toyota Motor Sales, U.S.A.*, *Inc.,* 155 Fed. Appx. 480 (11th Cir. 2005), as an example of federal courts "exercising jurisdiction over M/M Act claims that fail to meet the strict requirements of 15 U.S.C. § 2310(d)(1)(B)." *Chavis v. Fidelity Warranty Services, Inc.*, 415 F.Supp.2d 620, 625 (D.S.C. 2006). Having studied the *Allen* decision, the court is unwilling to hold it out as definitely answering the question presented here, even if, by its conclusion it has been construed as such. In *Allen,* the Court noted: "[b]ecause we conclude that that district court had diversity jurisdiction, we do not consider whether this alternative source [MMPWA] of federal jurisdiction was available." *Allen*, 155 Fed. App'x at 482, n.2. The district court in *Chanvis* understood this footnote as evincing the exercise of supplemental jurisdiction over the MMPWA claim, even when the strict requirements of the statute were not met. That may be the case. Because, however, it seems possible the MMPWA amount in controversy was met in *Allen,* the precise issue of whether a district court can exercise supplemental jurisdiction when that MMPWA amount in controversy is *not* met, may not have been presented to the Court. In any event, the *Allen* case certainly does not preclude the exercise of supplemental jurisdiction over an MMPWA claim where the amount in controversy on MMPWA claim is not met, but diversity jurisdiction exists.

claim." (citing 28 U.S.C. § 1367(a))), *as amended* (Feb. 18, 1997).  Many, if not most, of these courts concur in the propriety of exercising supplemental jurisdiction over a MMPWA claim where the amount in controversy is lacking, as long as there is another basis for federal subject-matter jurisdiction.  *See Chambers v. King Buick GMC, LLC*, 43 F.Supp.3d 575, 614 (D.Md.2014) (citing *Barnes v. West, Inc.*, 249 F.Supp.2d 737, 739 (E.D.Va.2003)); *Johansson v. Cent. Garden & Pet Co.*, 804 F.Supp.2d 257, 265 n. 4 (D.N.J.2011) (citing *Chavis v. Fid. Warranty Servs., Inc.*, 415 F.Supp.2d 620, 623 (D.S.C.2006)); *McWhorter v. Elsea, Inc.*, No. 00–CV–473, 2007 WL 1101249, at *10 (S.D.Ohio Apr. 11, 2007) (first citing *Chavis*, 415 F.Supp.2d at 624–25; and then citing *Barnes*, 249 F.Supp.2d at 739); *Diaz v. Paragon Motors of Woodside, Inc.*, 424 F.Supp.2d 519, 527 (E.D.N.Y.2006); *Chavis*, 415 F.Supp.2d at 623–25 & n. 3 (collecting cases); *Wetzel v. Am. Motors Corp.*, 693 F.Supp. 246, 251 (E.D.Pa.1988); *Seybold v. Francis P. Dean, Inc.*, 628 F.Supp. 912, 916–17 (W.D.Pa.1986).  Among the rationales cited for exercising supplemental jurisdiction in this context is avoiding piecemeal litigation – a concern shared by this court at the prospect of remanding plaintiff's MMWPA claim to state court.  *Brummett v. Skyline Corp.*, 1984 WL 262559, at *2 (W.D.Ky. 1996) ("We do not believe that congressional intent dictates our remanding one integrally involved claim to state court, thereby creating the unfavored situation of piecemeal litigation or that such intent requires us to consider the Magnuson-Moss claim only as an individual claim of the plaintiff.").

Here, diversity jurisdiction exists. As such, plaintiff's state law claims are properly before this federal court.  But if plaintiff's MMWPA claim met the amount in controversy, jurisdiction would also exist as a federal question under 28 U.S.C. § 1331.  In the absence of satisfying that amount in controversy it seems impractical, at best, to remand the "federal question" to a state court with concurrent jurisdiction while this federal court adjudicates state law claims on diversity

8

grounds, especially when all the claims arise out of the same nucleus of operative facts. Instead of remanding plaintiff's MMWPA claim, therefore, the court finds the better course—and the only course to avoid piecemeal litigation and promote judicial efficiency— is for the court to exercise supplemental jurisdiction over the MMWPA claim.

### IV. Conclusion

Because Kia has established by a preponderance of the evidence the amount in controversy is $75,000.00 or more, and there is diversity of citizenship, this court has subject-matter jurisdiction, and Day's motion to remand, (doc. 5), is **DENIED**. In its discretion, the court exercises supplemental jurisdiction over plaintiff's Magnuson-Moss Warranty claim pursuant to 28 U.S.C. § 1367. The parties are directed to proceed with discovery in compliance with the Initial Order and the Scheduling Order, (docs. 9 & 12), entered in this action.

DONE this 20th day of January, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE